UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEPHEN IRELAND, M.D., an individual, | Case No. 6:16-cv-02054-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| BEND NEUROLOGICAL ASSOCIATES LLC, an Oregon limited liability company; BEND MEMORIAL CLINIC, P.C., an Oregon professional corporation; MICHAEL BELL, M.D., P.C., an Oregon professional Corporation; MICHAEL BELL, M.D., an individual; DAVID T. SCHLOESSER, M.D., P.C., a professional corporation; DAVID T. SCHLOESSER, M.D., an individual; LAURA J. SCHABEN, M.D., P.C., a professional Corporation; LAURA J. SCHABEN, M.D., an individual; FRANCENA ABENDROTH, M.D., an individual; CRAIGAN GRIFFIN, M.D., an individual; GARY BUCHHOLZ, M.D., an individual, and GARY D. BUCHOLZ, M.D., P.C., an Oregon professional corporation. | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Currently before the Court are Defendants' Bend Memorial Clinic, P.C., Craigan Griffin,

M.D., and Francena Abendroth, M.D. ("Griffin Abendroth Defendants") Bill of Costs (ECF No.

200); Defendants Gary Buchholz, M.D., and Gary Buchholz M.D., P.C. ("Buchholz

Defendants") Bill of Costs (ECF No. 201); Defendant Bend Neurological Associates, LLC, Michael Bell, M.D., and P.C., David Schloesser, M.D. and P.C., and Laura Schaben, M.D. and P.C. ("Bend Neurological Defendants") Bill of Costs (ECF No. 202); a motion for attorney fees (ECF No. 203) filed by all Defendants; and a motion for leave to file a surreply (ECF No. 211) to Defendants' motion for attorney fees. For the reasons that follow, the costs sought by each Defendant in this case are recoverable and are therefore AWARDED as explained in more detail below. Defendants' motion for attorney fees is DENIED. Plaintiff's motion for leave to file a surreply is also DENIED as unnecessary.

## BACKGROUND

The parties are well familiar with this matter and its factual and procedural background. The Court only recounts the relevant procedural history of this case as necessary to resolve the pending matters before the Court. In October 2016, *pro se* Plaintiff Stephen Ireland filed his original complaint against Defendants asserting claims for unlawful conspiracy in restraint of trade and intentional interference with economic relations ("IIER"). ECF No. 1.

Between November 2016 and January 2017, Defendants separately moved to dismiss this action in its entirety. In August 2017, the Court granted Defendants' motions. May 23, 2017 Findings and Recommendation ("F&R), ECF No. 62, *adopted*, ECF No. 72. Later that month, Plaintiff moved for leave to file a proposed amended complaint, which the Court denied. Nov. 6, 2017 F&R, ECF No. 79, *adopted*, ECF No. 89. Plaintiff filed a second motion for leave to file an amended complaint, which the Court again denied. Feb. 7, 2018 F&R, ECF No. 98, *adopted*, ECF No. 108.

Plaintiff appealed to the Court of Appeals for the Ninth Circuit, which affirmed in part and reversed in part. Jan. 17, 2019 Mem., ECF No. 112. The Ninth Circuit held that this court erred in dismissing Plaintiff's "rule of reason" claim under the Sherman Act and IIER claim. *Id.*

Plaintiff filed his third amended complaint a month later. ECF No. 115. Defendants

moved for summary judgment, which the Court ultimately granted, dismissing Plaintiff's claims

with prejudice. March 31, 2021 O&O, ECF No. 197.[1] As noted, Defendants now move for costs

and attorney fees. Although expressly authorized to do so by Local Rule, Plaintiff did not object

to Defendants request for costs. LR 54-1(b) ("Not later than 14 days after service of the Bill of

Costs, a party objecting to any item of cost must file and serve objections. Objections should be

accompanied by an affidavit or declaration and supporting legal memorandum in support of the

party's position. A response, if any, must be filed not later than 14 days after service of the

objections."). Accordingly, the Court treats those requests as unopposed. Plaintiff does, however,

oppose Defendants' motion for attorney fees.

## STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules,

or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party." Rule 54(d) creates a presumption in favor of awarding costs to a prevailing

party; *i.e.*, "the losing party must show why costs should not be awarded" in any particular case.

*Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). Title 28 section 1920 of

the United States Code allows a federal court to tax specific items as costs against a losing party

pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs
> the following:
>
> (1) Fees of the clerk and marshal;

---

[1] In July 2020, the Court obtained full consent to allow a Magistrate Judge to enter final orders and judgement in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 155.

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579–80 (9th Cir. 2010). Although Rule 54 creates a presumption in favor of awarding costs to the prevailing party, the rule also "vests in the district court discretion to refuse to award costs" in appropriate circumstances. *Ass'n of Mex.-Am. Ed1tcators v. California,* 231 F.3d 572, 591 (9th Cir. 2000). This discretion is not unlimited, and a district court must provide reasons for its decision. *Id.* The Ninth Circuit has explained that:

> [a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiffs limited financial resources, and (5) the economic disparity between the parties.

*Escriba v. Foster Po1tltry Farms, Inc.,* 743 F.3d 1236, 1247-48 (9th Cir. 2014). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (quotation marks omitted).

Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs. Under Rule 54(d), a prevailing party seeking attorneys' fees must meet the following four

requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the

judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the

amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms

of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P.

54(d)(2).

Under the "American rule," litigants must pay their own attorneys' fees in absence of a

rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness*

*Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276,

1280–81 (9th Cir. 1999). However, courts retain the inherent "power to impose attorney's fees as

a sanction for bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Rule 11(b) provides that, by presenting to a federal court a pleading or other paper, any

party—including an unrepresented party—certifies that:

> (1) it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost of
> litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted
> by existing law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary support after
> a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence
> or, if specifically so identified, are reasonably based on belief or a
> lack of information.

Fed. R. Civ. P. 11. A court may impose sanctions, including monetary sanctions, for a violation

of this rule.

## DISCUSSION

### I. Costs

#### A. Griffin Abendroth Defendants

The Griffin Abendroth Defendants seek $3,072.17 in fees for transcripts obtained for use in this case, as well as an additional $1,122.29 in costs associated with making copies of relevant materials for a total of $4,194.46. ECF No. 200 at 2.

The Court finds these costs may be properly taxed pursuant to 28 U.S.C. § 1920. *Christian v. Umpqua Bank*, No. 3:16-cv-01938-BR, 2018 WL 3364658, at *2 (D. Or. July 10, 2018) (concluding transcripts and copies are taxable pursuant to 28 U.S.C. § 1920)

#### B. Buchholz Defendants

The Buchholz Defendants seek $440 for service of summons and subpoena, $4,300.02 in fees for transcripts obtained for use in this case, as well as an additional $693.47 in costs associated with making copies of relevant materials for a total of $5,433.49. ECF No. 201 at 1.

The Court finds theses costs may be properly taxed pursuant to 28 U.S.C. § 1920. *Christian*, 2018 WL 3364658, at *2; *see also Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) ("private process servers' fees are properly taxed as costs").

#### C. Bend Neurological Defendants

The Bend Neurological Defendants seek $4,382.72 in fees for transcripts obtained for use in this case. ECF No. 203.

The Court finds theses costs may be properly taxed pursuant to 28 U.S.C. § 1920. Christian, 2018 WL 3364658, at *2.

## II.    Attorney Fees and Sanctions

Defendants move for an order "allowing them to recover reasonable attorney fees incurred in this litigation, including all fees incurred after this Court's dismissal of Plaintiff's case on August 8, 2017."[2] Defs.' Mot. Atty Fees 2, ECF No. 203 ("Defs.' Mot."). Plaintiff contends that the Court should deny the motion because Defendants failed to comply with the Rule 11 safe harbor requirement.

The Court need not resolve the parties' dispute, however, because an award of attorney fees is not appropriate for at least two reasons. First, other than Rule 11 and the Court's inherent authority, Defendants have not identified a source of law that would compel the Court to depart from the American Rule and award Defendants' attorney fees. Second, although *pro se* litigants remain subject to the federal rules and the Court's supervision, sanctions in the form of attorney fees—whether under Rule 11 or the Court's inherent authority—are not appropriate in this case. Significantly, during the intervening period between August 2017 and Defendants' motion for attorney fees, this Court was reversed by Ninth Circuit which held that Plaintiff's claim "[c]ontain[ed] sufficient allegations that defendants' decision to terminate call coverage for Ireland's patients was intended to restrain competition unreasonably and actually caused injury to competition that harmed consumer welfare." Mem. 2–3, ECF No. 112. In other words, Plaintiff's allegations are not transformed into sanctionable conduct simply because he was unable to develop sufficient evidence to withstand summary judgment.

---

[2] On August 8, 2017, the Court adopted the initial F&R that recommended granting Defendants' motions to dismiss and strike. *See* ECF Nos. 62, 72.

**CONCLUSION**

For the reasons explained above, Griffin Abendroth Defendants are AWARDED costs (ECF No. 200) in the amount of $4,194.46; Buchholz Defendants are AWARDED costs (ECF No. 201) in the amount of $5,433.49; and Bend Neurological Defendants are AWARDED costs (ECF No. 202) in the amount of $4,382.72. Defendants motion for attorney fees (ECF No. 203) is DENIED. Plaintiff's motion to file a surreply (ECF No. 211) is DENIED. Defendants' request for oral argument is DENIED as unnecessary. *See* LR 7-1(d)(1).

DATED this 8th day of July 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge